UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KIM N. JONES | CIVIL ACTION |
| v. | NO. 17-8712 |
| WELLS FARGO BANK, N.A. | SECTION "F" |

ORDER AND REASONS

Before the Court is the plaintiff's motion to amend judgment. For the reasons that follow, the motion is DENIED.

**Background**

This Title VII employment discrimination and state law whistleblower lawsuit arises from a 58-year-old African American woman's claim that Wells Fargo wrongfully terminated her employment as a home mortgage consultant after 16 months on the job.

The Court assumes familiarity with its September 23, 2019 Order and Reasons in which it granted the defendant's motion for summary judgment and dismissed each of the plaintiff's claims. From August 14, 2015 until her termination on December 10, 2016, Kim Jones worked for Wells Fargo as a mortgage loan officer. During her employment, she failed to meet the minimum production

1

standards Wells Fargo required of mortgage loan officers. In September 2016, Wells Fargo placed Jones on a performance improvement plan, which set forth specific requirements she had to meet to remain employed. She failed to meet them. In December 2016, her employment was terminated.

On September 6, 2017, Ms. Jones, pro se, sued Wells Fargo, Stephen Cook, Jamie Klinnert (improperly named as Jaime Kleinhart), and Maurice Williams, alleging that she was fired because of her whistleblowing, refusing to participate in illegal activity, engaging in protected activity, and because of race, sex, and age discrimination.[1] After retaining counsel, Ms. Jones amended her complaint alleging that she was discriminated against based on her age, sex, and race; that Wells Fargo retaliated against her because she reported and refused to participate in mortgage fraud; and that Wells Fargo failed to pay her timely earnings and commissions.

Wells Fargo moved for summary relief. After continuing the hearing on the motion several times, including to allow the plaintiff the opportunity to discover certain evidence as ordered by the magistrate judge, the Court granted the defendant's motion

---

[1] The plaintiff's claims against Maurice Williams, Stephen Cook, and Jamie Klinnert were dismissed without prejudice for failure to prosecute.

2

for summary judgment. On October 16, 2019, judgment was entered in favor of Wells Fargo and against Ms. Jones. Ms. Jones, pro se, now seeks reconsideration of the Court's judgment dismissing her lawsuit with prejudice.

I.

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. Nevertheless, the Court must consider motions challenging a judgment as either a motion "to alter or amend" under Rule 59(e) or a motion for "relief from judgment" under Rule 60(b). A motion seeking reconsideration or revision of a district court ruling is analyzed under Rule 59(e), if it seeks to alter or amend a final judgment, or Rule 54(b), if it seeks to revise an interlocutory order. See, e.g., Cabral v. Brennan, 853 F.3d 763, 766 (5th Cir. 2017)(determining that the district court's erroneous application of the "more exacting" Rule 59(e) standard to a motion granting partial summary judgment was harmless error given that the appellant was not harmed by the procedural error).

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Rule 59(e) allows a court to alter or amend a judgment if the movant establishes a manifest error of law or presents newly

3

discovered evidence. Fed. R. Civ. P. 59(e). It "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence," and it is "an extraordinary remedy that should be used sparingly." Austin v. Kroger Texas, L.P., 864 F.3d 326, 336 (5th Cir. 2017)(quoting Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004)). "A Rule 59(e) motion 'calls into question the correctness of a judgment.'" Templet, 367 F.3d at 478 (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)). Because of the interest in finality, Rule 59(e) motions may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. Id. at 478-79. Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. See id. at 479; Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010)("a motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued'")(citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003)(quoting Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)). The Court

4

must balance two important judicial imperatives in deciding a motion for reconsideration: "(1) the need to bring the litigation to an end; and (2) the need to render just decisions on the basis of all the facts." Templet, 367 F.3d at 479.

II.

The Court granted the defendant's motion for summary judgment, dismissing the plaintiff's claims with prejudice. See Order and Reasons dtd. 9/23/19. A judgment in favor of the defendant was issued on October 16, 2019. That same day, the Court granted the motion to withdraw filed by plaintiff's counsel. Five days later, Ms. Jones, pro se, filed this motion requesting that the judgment be amended "based on substantive errors found in Wells Fargo's filings and data that were overlooked by the court and establishes a clear error of fact." The plaintiff's Rule 59 motion must be denied.

Rule 59(e) applies because Ms. Jones challenges the Court's adverse judgment within 28 days of its entry. Although the defendant has failed to submit any opposition papers, the Court finds that Jones's motion fails to identify anything that would persuade the Court that it erred in granting Wells Fargo's motion for summary judgment dismissing each of her claims. Reading Jones's Rule 59 motion generously, she fails to identify either a

manifest error of law or fact. Nor does she offer any newly discovered evidence. Her submission is part-rehash of her counsel's prior submissions and part-diatribe.[2] She offers no citation to the voluminous summary judgment record considered by the Court, nor does she invoke binding law calling into question the correctness of the Court's ruling. The Court previously considered Jones's arguments and rejected them. That Jones disagrees with the Court's disposition of her case is clear. But she offers nothing to trigger the extraordinary remedy of reconsideration.

It is difficult to discern precisely which aspects of the Court's 40-page Order and Reasons she seeks to amend. Jones does not appear to challenge this Court's finding that she failed to exhaust any claim for wrongful termination based on her age or for

---

[2] Jones asks the Court to review:
> the production reports that Wells never provided, the ALL WHITE RACE LEAD TEAM FORMED BY WHITE MANAGER STEVE COOK and right after my complaint and EEOC the WHITE MANAGER STEVE COOK broke the non-compete guide and took the ALL WHITE LEAD TEAM CONSISTING OF ALL WHITE HMCS to Chase Bank having these white employees quit on the same day 3/15/17, placing the black manager during the investigation on a PIP as retaliation and shutting down the entire WELLS FARGO organization in Louisiana directly after my EEOC and law suit in 60 days Wells Fargo was gutted and the white employees were sent to Chase Bank.

general mistreatment.[3]  As for her wrongful termination claims (based on age, race, and gender), Jones does not appear to challenge Wells Fargo's legitimate nondiscriminatory reason for terminating employment: that she failed to meet minimum production requirements.  Rather than identifying evidence indicating that she complied with minimum production requirements, she continues to concede that she did not; she simply suggests that she was not as far "in the hole" as the summary judgment record indicated.  She offers no new evidence, nor identifies any record evidence, that would tend to show (or create a fact issue concerning) pretext; she still fails to invoke similarly situated individuals who were younger than her, male, or non-African American and who failed to meet production standards and yet were treated more favorably.

Finally, Jones fails to persuade the Court to reconsider dismissal of her state law claims.  She conflates her whistleblower claim with her discrimination claims, but nevertheless fails to persuade the Court that record evidence (or new evidence) support

---

[3] Nor does she appear to challenge this Court's finding that Wells Fargo additionally demonstrated entitlement to judgment as a matter of law dismissing the unexhausted age discrimination and general mistreatment claims.

(or create a fact issue concerning) each of the elements of her whistleblower claim.[4]

Accordingly, IT IS ORDERED that the plaintiff's motion to amend the Court's October 16, 2019 judgment is DENIED.

New Orleans, Louisiana, November 6, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[4] Nor does Jones even mention her unpaid commissions or negligence claims and therefore the Court need not address them.